IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REBECCA FUCHS, )
)
　　　Plaintiff )
)
v. ) Case No.: **11  2490**
)
NCO FINANCIAL SYSTEMS, INC., ) COMPLAINT AND DEMAND FOR
) JURY TRIAL
　　　Defendant )
) (Unlawful Debt Collection Practices)

## COMPLAINT

REBECCA FUCHS, ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC., ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Pittsburgh, Pennsylvania, 15209.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 507 Prudential Road, Horsham, Pennsylvania, 19044-2308.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

**FACTUAL ALLEGATIONS**

15. At all pertinent times hereto, Defendant was hired to collect a

consumer debt allegedly owed by Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in April 2010 and continuing through October 2010, Defendant constantly and continuously placed collection calls to Plaintiff's work and cellular telephone numbers seeking and demanding payment for an alleged debt.

18. Defendant contacted Plaintiff almost everyday, and at times, Defendant called Plaintiff twice a day.

19. When Defendant contacted Plaintiff at her place of employment, Defendant did not identify itself; rather, it left messages for Plaintiff to call a number, which Plaintiff confirmed belonged to Defendant.

20. On numerous occasions, Plaintiff informed Defendant that she could not receive personal calls at work and to stop calling her at her place of employment.

21. However, Defendant disregarded Plaintiff's instructions and continued to contact her at her place of employment.

22. Then, on or about August 24, 2010, because Plaintiff had not made payment on the alleged debt, Defendant threatened Plaintiff with legal action,

stating that they "would see [her] in court" and that she "would be responsible for legal fees," in order to induce Plaintiff to make a payment on the alleged debt.

23. Defendant further threatened Plaintiff that there may be "possible jail time" if Plaintiff did not take care of this debt immediately.

24. Defendant's threats caused Plaintiff to agree to a payment plan, and on or about September 10, 2010, Plaintiff made a payment on the alleged debt.

25. Thereafter, on October 8, 2010, despite having Plaintiff's contact information, Defendant called Plaintiff's friend and stated it was "looking for Rebecca A. Fuchs" to speak to "her about a debt."

26. Most recently, on or about October 13, 2010, Defendant threatened to call Plaintiff's human resources department and supervisor and have her wages garnished if immediate payment was not made, despite knowing that in Pennsylvania, an individual's wages cannot be garnished for an unpaid debt.

27. Upon information and belief, within five (5) days of its initial contact with Plaintiff, Defendant failed to send Plaintiff written notification informing her of her rights to dispute the debt and/or request verification of the debt.

28. Defendant conducted its debt collection activities in ways that were factually misrepresented and in violation of the FDCPA.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude

which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692 generally;

   b. Defendant violated §1692c(a)(1) of the FDCPA by communicating with Plaintiff at her place of employment, a place known to be inconvenient to Plaintiff;

   c. Defendant violated §1692c(a)(3) of the FDCPA by communicating with Plaintiff at her place of employment even though Defendant knows that Plaintiff's employer prohibits such communication;

   d. Defendant violated §1692c(b) of the FDCPA by communicating with another person other than Plaintiff without her consent;

e. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

f. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse or harass;

g. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningfully disclosing its identity;

h. Defendant violated §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of a debt;

i. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of the alleged debt will result in the arrest or imprisonment of Plaintiff;

j. Defendant violated §1692e(4) of the FDCPA by representing that nonpayment of the alleged debt will result in the garnishment of Plaintiff's wages;

k. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot legally be taken or that is not intended

to be taken;

l. Defendant violated §1692e(7) of the FDCPA by falsely representing that Plaintiff had committed a crime;

m. Defendant violated §1692e(10) of the FDCPA by using false and deceptive means in an attempt to collect a debt;

n. Defendant violated §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect a debt; and

o. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

33. As a direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff, REBECCA FUCHS, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

a. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

b. Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k,

PLAINTIFF'S COMPLAINT

c. Actual damages,

d. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

e. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, REBECCA FUCHS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 4/11/11

KIMMEL & SILVERMAN, P.C.

By: _____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: kimmel@creditlaw.com